Howell, J.
A motion is made to dismiss the appeal in this ease, on the grounds, 1st, that the bond of appeal is not sufficient in amount; and 2d, that Francois Boisdoré, the appellant, is not a party to, and has no interest in, the judgment.
A judgment was rendered, homologating a final account filed by the heirs of P. Casenave, the deceased, administrator of the Succession of Jane 'McCall, by which the sum of $1,943 40 was shown to be due to the heirs of the said Jane McCall. From this judgment of homologation, one Francois Boisdoré, alleging that he was aggrieved and injured thereby, was allowed a suspensive appeal, “ on giving bond and security as the law directs.” He furnished a bond and security in the sum of five hundred dollars, and on a rule taken by the agent of the heirs of McCall, the appeal was set aside, and from this judgment on the rule, a suspensive appeal was granted, upon “ appellant’s giving bond and security as required by law.” He furnished another bond for five hundred dollars. It is this appeal which the appellees seek to dismiss.
The Judge, in granting a suspensive appeal, fixed the amount of the bond as the law fixed it, to wit: a sum exceeding by one-half the amount of the judgment, which is $2,915 10 instead of $500. The amount of the bond given is not sufficient. There is no order of the Judge stating $500 as the amount of the surety to be given by the defendant, and the appeal cannot be'maintained as a devolutive one. To maintain the appeal as either devolutive or suspensive, the bond must be for the sum fixed by the Judge or by the law. See case of Dewees v. Storshr, decision 29th April, 1867.
j It is therefore ordered that the rule be made absolute, and the appeal dismissed, with costs.